DAVID A. AND KAREN M. NUTTLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nuttle v. Commissioner
Docket No. 16466-91
United States Tax Court
T.C. Memo 1993-269; 1993 Tax Ct. Memo LEXIS 273; 65 T.C.M. (CCH) 2979; June 21, 1993, Filed *273 Decision will be entered for respondent and respondent's motions to dismiss for lack of prosecution will be denied. David A. and Karen M. Nuttle, pro se. For respondent: Pamelya Herndon. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent has moved to dismiss for failure to prosecute. A partial trial was held in this matter in Richmond, Virginia, on October 21, 1992, and further trial was scheduled at Richmond on April 12, 1993. Petitioners requested a continuance, stating among other things that they had moved to New Mexico. Accordingly, petitioners' motion was granted, and the case was calendared for further trial at the trial session of the Court in Albuquerque on May 10, 1993. Petitioners failed to appear at Albuquerque. We *274 will not grant respondent's motion to dismiss for lack of prosecution, because there has already been a partial trial in this matter. Respondent determined a deficiency in petitioners' Federal income tax for 1986 in the amount of $ 1,891.40, an addition to tax under section 6653(a)(1)(A) of $ 94.57, an addition to tax under section 6653(a)(1)(B) of 50 percent of the interest due on the entire deficiency, and the increased rate of interest under section 6621(c) attributable to tax motivated transactions. The issues are whether respondent correctly disallowed a pass-through subchapter S loss claimed by petitioners in 1986, and whether petitioners are liable for the negligence additions to tax under section 6653(a)(1)(A) and (B) and the increased rate of interest under section 6621(c) attributable to tax-motivated transactions. Some of the facts were stipulated and they are so found. Petitioners were residents of Crozet, Virginia, at the time the petition herein was filed. Petitioners were stockholders in Incon Corporation, a subchapter S corporation, during the period here involved. Incon Corporation reported a 1986 loss in the amount of $ 18,542 and petitioners claimed a pass-through *275 loss on their 1986 return in the amount of $ 9,456. Respondent disallowed the loss. On March 9, 1990, respondent issued a notice of final subchapter S administrative adjustment to the tax matters person of Incon Corporation (Incon) with respect to the years 1986 and 1987. David A. Nuttle, as tax matters person, filed a petition on behalf of Incon which was assigned docket No. 6800-90. On July 12, 1990, petitioners filed a petition in bankruptcy. By the act of filing their petition in bankruptcy, petitioners' S corporation items were converted to non-S corporation items pursuant to sections 6231(b)(1)(D) and 6231(c)(1)(E), and section 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., (March 5, 1987). These provisions are made applicable to S corporation proceedings through the incorporating provisions of section 6244. See . In addition, petitioner David A. Nuttle's status as tax matters person was automatically terminated. Sec. 6231(c); secs. 301.6231(a)(7)-1T(1)(4) and 301.6231(c)-7T(a), Temporary Proced. & Admin., *276 (March 5, 1987). Once petitioners' S corporation items were converted to non-S corporation items, petitioners were no longer parties to the Incon TEFRA proceeding in docket No. 6800-90 and accordingly were not bound by the outcome of the TEFRA subchapter S proceeding. [2] Respondent's adjustments for 1986 were upheld in that proceeding. Respondent, by her notice of deficiency, determined that the subchapter S loss of $ 9,456 which petitioners had claimed for 1986 was disallowed. Petitioners were discharged from bankruptcy on March 18, 1991, and their petition herein was filed on July 24, 1991. [3] Petitioners have previously claimed that the statute of limitations on this item had expired prior to the mailing of the notice, and this Court *277 rejected that claim by Order dated March 17, 1992. See sec. 6229(f). Petitioners did not present any evidence which refuted respondent's determination at the partial trial which was held in Richmond on October 21, 1992. They had a second opportunity to present any evidence they might have had on the scheduled trial date at Albuquerque on May 10, 1993. However, although petitioners prepared a trial memorandum, they failed to respond to the call of the calendar on May 10, 1993, *278 at Albuquerque. Respondent thereupon moved the Court to dismiss this action for failure to prosecute properly. The parties stipulated that respondent's total adjustments to deductions on Incon's 1986 return were $ 19,135. Petitioners bear the burden of proving respondent's determination is incorrect. Rule 142(a); . Petitioners failed to prove at the Richmond partial trial that any of the Incon adjustments were incorrect and forfeited their additional opportunity to present such proof by their failure to appear at the further trial in Albuquerque in this matter. Accordingly, petitioners have failed to prove respondent was incorrect, and decision will be entered for respondent. Respondent's motion to dismiss for lack of prosecution will be denied. Decision will be entered for respondent and respondent's motions to dismiss for lack of prosecution will be denied. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On March 13, 1992, this Court issued an Order of Dismissal and Decision in docket No. 6800-90 ordering and deciding inter alia that the adjustment to S corporation (Incon Corporation) items was as follows: ↩
1986
Reported
Determined
Total deductions
$ 69,064
$ 49,929
3. Petitioners had a previous matter before this Court regarding their tax year 1986, where respondent had made a determination of deficiency concerning nonsubchapter S items. Decision in that case (docket No. 5839-90) was entered on February 28, 1992, and appeal therefrom is pending in the Fourth Circuit. The issues in that case have no bearing upon the subchapter S issues in the case at bar. Further, the decision in that matter does not bar our decision herein, even though both cases involve the same tax year. See sec. 6231(e)(1)(B).↩